IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO PEREZ,

Plaintiff,

v. No. 2:23-cv-00921-KG-KRS

DIESEL ROUSTABOUT SERVICES, LLC,

Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the parties' cross-motions for sanctions, Docs. 56 and 57, the parties' responses, Docs. 61 and 62, and the parties' replies, Docs. 63 and 65. For the reasons below, the Court grants Defendant's motion, Doc. 56, and grants in part Plaintiff's motion, Doc. 57.

## *I. Background*

This case arises from Plaintiff Antonio Perez's work as a welder for Defendant Diesel Roustabout Services between August 2021 and April 2023. *See* Doc. 33 at 5. Plaintiff's two-count Amended Complaint alleges that Defendant improperly classified him as an independent contractor rather than an employee in violation of the Fair Labor Standards Act and New Mexico's Minimum Wage Act ("NMMWA"). *Id.* at 9.

Plaintiff filed this lawsuit on October 18, 2023, Doc. 1, and Defendant was served on November 30, 2023, Doc. 4. On December 13, 2023, Defendant issued a litigation hold to employees Richard Johnson, Jonathan Green, and Miguel Sapien, instructing them to retain records, including "[a]ll communications" with "Antonio Perez, and/or any other current or former Welder" who worked for Defendant "beginning October 18, 2020." Doc. 62-1 at 5–6.

Mr. Sapien and Mr. Trevizzo, Plaintiff's supervisors, both lost their phones and the accompanying data "during field work." Doc. 62 at 9.

On December 19, 2024, Defendant served Plaintiff with its First Requests for Production. *See* Doc. 56-1. Defendant requested "all communications between you and any representative of Defendant relating to any welding services that you or anyone else performed" and "all communications that relate or refer to any of your activities, duties, or hours worked as a welder." *Id.* at 1–2. Discovery closed on September 26, 2025. *Id.*

Defendant now moves to exclude evidence and impose sanctions against Plaintiff based on Plaintiff's "failure to timely produce responsive text messages and his counsel's subsequent use of those undisclosed documents during depositions." Doc. 56 at 1. According to Defendant, Plaintiff located nine screenshots of responsive text messages on September 24, 2025, and provided them to his counsel that day. *Id.* at 2. Also on September 24, Plaintiff's counsel deposed three of Defendant's witnesses: Richard Johnson, Miguel Sapien, and Daniel Trevizzo. *Id.* at 3. Although Plaintiff's counsel received the text messages "right before Sapien's deposition," Doc. 56-3 at 2, he did not produce them to Defendant's counsel until 5:25 p.m., after all three depositions had concluded. Doc. 56 at 3; *see* Doc. 56-3 at 5. Defendant contends that Plaintiff's counsel possessed and strategically used the undisclosed text messages during the depositions of Mr. Sapien and Mr. Trevizzo, without the witnesses' knowledge that counsel had obtained or was relying on those messages. Doc. 56 at 4. As a result, Defendant alleges prejudice because the testimony created "a record in which its witnesses appear untruthful when, in reality, they were denied the very documents that would have refreshed their recollection." *Id.*

Defendant requests that the Court exclude the messages "from trial, summary judgment, or any other proceeding." Doc. 56 at 9. In the alternative, Defendant requests that the Court

strike the relevant testimony of its witnesses, allow limited re-depositions, and award fees. *Id.* Plaintiff argues that, had the witnesses "testified honestly, they would have admitted what the [text messages] show" and that "any prejudice Defendant now suffers is solely due to the dishonest testimony of its representatives." Doc. 61 at 5.

In his own motion, Plaintiff moves for sanctions based on Defendant's "spoliation of relevant evidence" because of the lost data from Mr. Trevizzo and Mr. Sapien's phones. Doc. 57 at 1. Plaintiff requests "default judgment on the issue of employee status" or "an adverse inference against Defendant on the issue of employee status." *Id.*

## *II. Analysis*

For the reasons below, the Court concludes that (A) Defendant's motion is granted and (B) Plaintiff's motion is granted in part.

### A. Defendant's motion is granted in part.

As an initial matter, the Court concludes that Plaintiff's failure to supplement the text messages was neither substantially justified nor harmless. *See* Fed. R. Civ. P. 37(c)(1). Federal rules permit parties to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery under Rule 26 is broad. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). A party must supplement or correct its disclosure in a timely manner "if a party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The duty also extends to responses to document requests. *Id.*

If a party fails to make a disclosure under Rule 26(e)(1), the party may not use at trial any witness or information not so disclosed, unless the court determines that the failure to disclose was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). While Rule 37 is written in mandatory terms, the district courts have discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking evidence not properly disclosed. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (recognizing that Rule 37(c) vests broad discretion with the trial court). The determination of whether a Rule 26 violation is justified or harmless "is entrusted to the broad discretion of the district court," and a district court "need not make explicit findings" of substantial justification or harmlessness "of a failure to disclose." *Woodworker's Supply, Inc.*, 170 F.3d at 993. Courts often use the following factors to guide their discretion: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* The party facing sanctions under Rule 37(c)(1) bears the burden to show substantial justification or harmlessness. *See Willmore v. Savvas Learning Co. LLC,* 344 F.R.D. 546, 565 (D. Kan. 2023).[1]

As the party facing sanctions, Plaintiff has not met his burden to show that his failure to supplement the text messages pursuant to Defendant's First Request for Production was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *see also* Doc. 56-1. Looking to the first factor, Plaintiff argues that any "prejudice Defendant now suffers is solely due to the

[1] The parties do not address the extent to which the introduction of the testimony would disrupt trial, nor do they address the moving party's bad faith or willfulness. As a result, the Court bases its decision on the first two discretionary factors identified by the Tenth Circuit. *E.g., Wilson v. Seaboard Foods, LLC,* 2026 WL 135979, at *4 (D. Kan.).

dishonest testimony of its representatives." Doc. 61 at 5. The Court disagrees. Defendant and its witnesses suffered prejudice because the witnesses could not refresh their recollections with the same text messages that Plaintiff's counsel had the benefit of reviewing, nor could Defendant's counsel properly conduct redirect examination. *See Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992) (holding that, in assessing a failure to supplement, a court should consider "ability of the opposing party to formulate a response."). Rule 37 is designed to "deter a party from sandbagging an opponent" with information "that the opponent did not know existed." *Lee Valley Tools, Ltd. v. Indus. Blade Co.*, 288 F.R.D. 254, 262 (W.D.N.Y. 2013). Allowing Plaintiff to benefit from withholding these messages would prejudice Defendant and would create an unfair record for use at trial.

Next, Plaintiff fails to meet his burden, or provide any explanation, as to why he did not take steps to cure the prejudice by disclosing the text messages before the depositions of Mr. Trevizzo and Mr. Sapien. The Court agrees with Defendant that Plaintiff's counsel could have cured the prejudice by pausing the depositions, producing the messages on the record, or showing them to the witnesses before continuing. *See* Doc. 63 at 3. Plaintiff's proposed solutions would only perpetuate the inconsistent testimony that resulted, at least in part, from Plaintiff's failure to disclose the messages that could have been used to refresh the witnesses' recollections. The Court concludes that Plaintiff has failed to demonstrate that the failure to supplement the text messages prior to Mr. Trevizzo and Mr. Sapien's depositions was not substantially justified or harmless.

For these reasons, the Court finds that sanctions are appropriate and grants Defendant's motion, Doc. 56. The relevant deposition testimony of Mr. Trevizzo and Mr. Sapien shall be

struck, and they may be re-deposed at Plaintiff's expense.[2] Any re-deposition shall be limited in scope to the text messages at issue here.

**B. Plaintiff's motion is granted in part.**

The Court concludes that Defendant negligently spoliated ESI from the cell phones of Mr. Trevizzo and Mr. Sapien. Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1194–95 (D. Utah 2011). Rule 37(e) governs sanctions for spoliation of electronically stored information ("ESI"). *See* Fed. R. Civ. P. 37(e); *see also Alsadi v. Intel Corp.*, 2020 WL 4035169, at *3 (D. Ariz.) ("The exclusive nature of Rule 37(e) sanctions for the loss of ESI has been widely recognized."). ESI spoliation occurs when 1) a party has a duty to preserve the evidence, 2) the ESI "is lost because a party failed to take reasonable steps to preserve it," and 3) it "cannot be restored or replaced through additional discovery." Fed R. Civ. P. 37(e).

Spoliation sanctions generally are "measures no greater than necessary to cure the prejudice." *Id.* If the moving party seeks greater sanctions than remediation, however, "it must also prove bad faith." *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009). Without a showing of bad faith, a district court "may only impose lesser sanctions." *Id.* at 1149. Simple negligence in losing or destroying records "is not enough because it does not support an inference of consciousness of a bad case." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997).

[2] The Court strikes 12:04–16, 15:02–16:09, 32:16–33:15, 33:21–34:02, 34:23–25, and 35:06–38:16 from Mr. Sapien's testimony, Doc. 56-5. The Court also strikes 6:07–09, 7:13–15, and 10:03–25 from Mr. Trevizzo's testimony, Doc. 56-5 at 8.

As a threshold matter, Defendant had a duty to preserve the ESI on Mr. Trevizzo and Mr. Sapien's phones. Rule 37(e) looks to the common-law duty "to preserve relevant information when litigation is reasonably foreseeable." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. When deciding whether a duty to preserve exists, courts should "consider the extent to which a party was on notice that litigation was likely and that the information would be relevant." *Id.* Here, the parties do not meaningfully dispute that Defendant had a duty to preserve the text messages because they were relevant to Plaintiff's employment status, as "job assignments and hours worked were recorded by text messages." Doc. 57 at 9. Accordingly, Defendant had a duty to preserve the relevant ESI on Mr. Trevizzo's and Mr. Sapien's phones.

Next, the Court finds that Defendant did not take reasonable steps to preserve the text messages once the duty arose. "Whether a party has honored its obligation to preserve evidence turns on reasonableness, which must be considered in the context of whether 'what was done—or not done—was proportional to that case and consistent with clearly established applicable standards.'" *Zbylski v. Douglas Cty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1164 (D. Colo. 2015).

Despite Defendant's 2023 litigation hold, which did not even include Mr. Trevizzo, Defendant failed to preserve the disputed text messages. Doc. 57 at 3. It is not enough to simply put in place a litigation hold without taking reasonable steps to ensure compliance. *E.g.*, *F.T.C. v. Affiliate Strategies, Inc.*, 2011 WL 2084147, at *2 (D. Kan.). Defendant does not claim that the relevant messages were backed up, transferred to another device, or otherwise maintained in a manner that would protect them from inadvertent loss. Thus, Defendant's preservation efforts amounted to little more than issuing a litigation hold and relying on the custodians to retain the messages on their phones. Under these circumstances, Defendant failed to take reasonable steps to preserve the relevant text messages. The failure to preserve the text messages prejudiced

Plaintiff's ability to demonstrate essential elements of his claim, including supervision. *E.g.*, *Dole v. Snell*, 875 F.2d 802, 805 (10th Cir. 1989).

Finally, because the parties do not dispute that the ESI cannot be restored or replaced, the Court turns to the appropriate sanction. Although the Court finds that the messages were lost because of Defendant's failure to take reasonable steps to preserve them and that Plaintiff was prejudiced by their loss, Plaintiff has not met his burden of demonstrating that Defendant acted with an intent, rather than inadvertence, to deprive him of the information's use in this litigation. *Turner*, 563 F.3d at 1149. The Court therefore limits the sanctions to measures no greater than necessary to cure the prejudice to Plaintiff. *See* Fed. R. Civ. P. 37(e)(1). Accordingly, the Court grants Plaintiff's motion, Doc. 57, in part. Plaintiff may offer for admission evidence concerning Defendant's failure to preserve the text messages and may argue to the jury any reasonable inferences arising from that failure. Further management of such evidence, including whether a jury instruction is warranted, will be left to the discretion of the Court at trial. *E.g.*, *Montoya v. Newman*, 2015 WL 4095512, at *12 (D. Colo.).

***III. Conclusion***

For the reasons above, the Court grants Defendant's motion, Doc. 56, and grants in part Plaintiff's motion, Doc. 57.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.